```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

AMBULATORY INFUSION THERAPY      §
SPECIALIST, INC.,                §
                                 §
     Plaintiff,                  §
                                 §
v.                               §   CIVIL ACTION NO. H-06-2111
                                 §
AETNA HEALTH, INC. F/K/A         §
AETNA U.S. HEALTHCARE, INC.,     §
AETNA HEALTH MANAGEMENT, LLC     §
F/K/A AETNA HEALTH MANAGEMENT,   §
INC., and PACIFICARE,            §
                                 §
     Defendants.                 §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Ambulatory Infusion Therapy Specialist, Inc.'s Motion to Remand (Document No. 10). After having carefully considered the motion, response, and the applicable law, the Court concludes that the motion should be denied.

I. Background

This case arises out of the alleged pre-verification of payment to Plaintiff Ambulatory Infusion Therapy Specialist Inc. ("Plaintiff"), by Defendants Aetna Health, Inc., f/k/a Aetna US Healthcare, Inc. ("AHI"), Aetna Health Management, L.L.C., f/k/a Aetna Health Management, Inc. ("AHM"), and PacifiCare Life Assurance Company ("PacifiCare") (collectively, "Defendants"), for out-of-network home IV infusion products and services provided by Plaintiff to Defendants' insured, which payment was not

subsequently made. At the time Plaintiff obtained pre-verification the insured was covered by a policy issued by PacifiCare through the insured's employer. The employer later contracted with various Aetna affiliates to provide both in-network and out-of-network benefits.

Plaintiff brought suit in state court for breach of contract, negligent misrepresentation, and promissory estoppel, and Defendant AHM removed the case to federal court, contending that Defendant AHI, who shares the same state of citizenship as Plaintiff, was improperly joined and that its citizenship should be disregarded for diversity purposes.[1] Plaintiff moves to remand, arguing that (1) it has articulated a reasonable basis for recovery against AHI and did not improperly join AHI as a Defendant; and (2) the parties are not diverse pursuant to the "direct action" exception of 28 U.S.C. § 1332(c)(1).

## II. Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. *See* 28 U.S.C. § 1441(b). "[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by

---

[1] Neither party disputes that the amount in controversy exceeds the jurisdictional minimum and, indeed, it is clear from the face of the petition that plaintiff seeks at least $177,475.58 in damages, plus attorneys' fees. *See* Document No. 1 ex. M at 4.

2

the presence of an improperly-joined nondiverse and/or in-state defendant." Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). The removing party has the heavy burden of proving improper joinder by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). *See also* Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002) (describing the "heavy burden" on the party asserting improper joinder). The party challenging joinder must demonstrate that there is no reasonable basis to predict that the plaintiff might be able to recover against the nondiverse defendant. *See* Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825 (2005). In making this determination, a court may proceed in one of two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. . . . [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.

Id. at 573-74.  If, after examining the pleadings, the court determines that it is appropriate to pierce the pleadings and conduct a summary inquiry, limited discovery into jurisdictional facts might be appropriate.  Id. at 574.  Even under the summary inquiry, however, the court must resolve all factual disputes and ambiguities in state law in favor of the plaintiff, taking into account the status of discovery and what opportunity the plaintiff has had to develop his or her claims against the nondiverse defendant.  *See* McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004).  If the record reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court.  Rubin v. Daimlerchrysler Corp., No. Civ. A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005) (Rosenthal, J.).

### III.  Discussion

A.  Improper joinder

AHM does not allege fraud in the pleading of jurisdictional facts, but instead contends that non-diverse Defendant AHI is improperly joined because Plaintiff has no reasonable possibility of recovery against AHI on any of its claims.  Specifically, AHM asserts that the only promise or representation upon which Plaintiff bases its negligent misrepresentation and estoppel claims was made by PacifiCare, and not AHI.  To sustain either of these

claims, Plaintiff must show that AHI made a promise or representation upon which Plaintiff detrimentally relied. *See, e.g.*, Federal Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991) (requiring as an element of a negligent misrepresentation action a "representation . . . made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest" upon which the plaintiff justifiably relied); English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983) ("The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.").

Neither the complaint nor anything in the record identifies a representation by AHI that supports Plaintiff's claims. To the contrary, Plaintiff concedes in its answers to interrogatories that "as an out-of-network provider, it verified payment for medical services with *PacifiCare's* agents before providing said medical services to [the insured]." Document No. 18 ex. F ¶¶ 6, 7, 10, 14 (emphasis added). Thus, it is PacifiCare, and not AHI, that allegedly represented to Plaintiff that it would pay for the services and products that Plaintiff provided.

Plaintiff argues that its complaint alleges that Defendants, including AHI, "have made independent promises of payment to Plaintiff for services provided to [Defendants' insured]." Document No. 10 ¶ 22. However, "[P]laintiff may not rely solely on

5

the allegations in [its] complaint" to defeat allegations of improper joinder.  *See* Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004).  Nor do the two documents submitted by Plaintiff contain anything that could be construed as a promise or representation by AHI to pay for the services. Handwritten notations on a photocopy of the insured's Aetna US Healthcare insurance card merely confirm that the insured had coverage for out-of-network services,  Document No. 10 ex. A; Document No. 18 ex. D at 89, while the uncontroverted evidence shows that the notice of receipt of claim was not sent by AHI, but by a separate and distinct Pennsylvania corporation previously known by that name, Document No. 17 at 9; Document No. 18 ex. C ¶¶ 3, 7.  In sum, the sole promise or representation identified by Plaintiff as a basis for its claims was not made by AHI. Accordingly, Plaintiff has no reasonable basis for recovering from AHI for promissory estoppel or negligent misrepresentation.

AHM additionally asserts that Plaintiff's breach of contract claim against AHI fails, because AHI had no contractual duty to pay the disputed out-of-network claim.[2]  The existence of a contractual duty is an essential element of a breach of contract claim.  *See* Bank One, Tex., N.A. v. F.D.I.C., 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998); Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.,

---

[2] Plaintiff does not respond to this point in its motion to remand.  Document No. 10 at 5-6.

6

3 S.W.3d 112, 127 (Tex. App.--Corpus Christi 1999, pet. denied). The complaint alleges that AHI and AHM "breached the Contract by refusing to perform Defendants' obligations under the Contract." Document No. 1 ex. M at 3.  However, the uncontroverted facts show that out-of-network benefits were provided by Corporate Health Insurance Company ("CHI").  Document No. 17 at 3; Document No. 18 ex. C-2 at 103-04.  CHI delegated administration of these claims to U.S. Healthcare, which became Aetna U.S. Healthcare, Inc. (a Pennsylvania corporation that incidentally shared the same name as AHI), and is now known as Aetna Inc. Document No. 17 at 3-4; Document No. 18 exs. C ¶¶ 12, 13, C-3 at 167.  Administration of these claims was later assigned by Aetna Inc. to Defendant AHM. Document No. 17 at 4; Document No. 18 ex. C ¶ 14.   AHI, on the other hand, administered and funded only in-network HMO benefits. Document No. 17 at 5-6; Document No. 18 ex. C-1 at 24-25.  Because AHI was not contractually responsible for administering or funding the products and services for which Plaintiff seeks payment, Plaintiff cannot sustain a contract claim against AHI.

Given that Plaintiff has no reasonable basis for recovery against AHI on any of its claims, the Court concludes that AHI was improperly joined and its citizenship must be disregarded for diversity purposes.  The citizenship of the remaining Defendants, AHM and PacifiCare, is diverse from Plaintiff.  Document No. 1 ¶¶ 6-8; Document No. 10 ¶¶ 6-8.  Therefore, the Court has diversity jurisdiction.

B.    <u>Direct action exception under 28 U.S.C. § 1332(c)(1)</u>

Plaintiff additionally contends that diversity is vitiated by 28 U.S.C. § 1332(c)(1). The statute provides, in relevant part:

> (c) For the purposes of this section . . .
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy . . . .*, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .*

§ 1332(c)(1)(emphasis added). This provision prevents invocation of diversity jurisdiction "in lawsuits filed under a direct action statute which allows a plaintiff harmed by the insured, where both are citizens of the same state, to sue a foreign insurance company for recovery of benefits under the policy without having first to secure a judgment against the insured." <u>Holland Am. Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 995 (5th Cir. 1985); *see also* <u>Northbrook Nat'l Ins. Co. v. Brewer</u>, 110 S. Ct. 297, 299 (1989) (characterizing this exception as a response to the adoption of a direct action statute in Louisiana). However, "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." <u>Fortson v. St. Paul Fire & Marine Ins. Co.</u>, 751 F.2d 1157, 1159 (11th Cir. 1985). "In

other words, the statute will defeat diversity jurisdiction only if the claim which the third party has against the insured--for intentional tort, negligence, fraud, etc.--is the same as the one asserted against the insurance company as within the zone of primary liability for which the company issued the policy." John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985); *accord* Cooper v. State Farm Mut. Auto. Ins. Co., No. CIV. A. 3:98-CV-0216-G, 1998 WL 241247, at *1 (N.D. Tex. May 6, 1998)(holding the exception inapplicable to a suit against an insurer to enforce a tort judgment obtained against the insured).

Plaintiff's claims are not based on any conduct by the insured. Instead, they arise from Defendants' alleged tortious conduct and/or breach of contractual obligations for which Defendants would be directly liable to Plaintiff. *See, e.g.*, Climer v. Twin City Fire Ins. Co., No. Civ. A. 304CV0552G, 2004 WL 1531796, at *4 (N.D. Tex. July 8, 2004)(rejecting the application of § 1332(c)(1) when the insurer allegedly mishandled a workers' compensation claim and engaged in other tortious conduct independent of any act by the insured). Indeed, Plaintiff's own allegations emphasize that its claims against the Defendants are entirely independent from the conduct or obligations of Defendants' insured. *See* Document No. 1 ex. M at 3 (asserting that the contract underlying Plaintiff's claim arises "not as a result of an insurance contract between Defendants and their insured, but as a

result of Defendants' independent promise to Plaintiff for payment for medical services provided to Defendants' insured"); Document No. 10 ¶ 22 (explaining its non-contractual claims "arise not out of any insurance policy or contract between [the insured] and Defendants, but as a result of representations between Defendants, through their agents, and Plaintiff"). The direct action exception is therefore inapplicable to Plaintiff's suit.[3]

IV.  Order

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 10) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 18th day of January, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Furthermore, it is unlikely that the exception applies in Texas, which has no direct action statute. *See, e.g.*, State Farm Fire & Cas. Co. v. Fullerton, 118 F.3d 374, 385 (5th Cir. 1997) (noting that Texas has not enacted a direct action statute); John J. Carney & Assocs. v. State Farm Lloyds, 376 F. Supp. 2d 697, 700-01 (N.D. Tex. 2005)("[T]he 'direct action' proviso does not apply, as Texas is not a 'direct action' state.").